Donald P. SAVINSKI, Plaintiff–Appellant,

v.

David THORNTON, et al., Defendants–Appellees.

No. 03–3468.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 2004.*

Decided March 9, 2004.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

Order

Donald Savinski has been held in civil commitment since 1995, when his prison term for sexually assaulting his daughter ended. Savinski believes that he is fit for release because he is no longer "sexually violent." See Wis. Stat. § 980.06. The state believes that he remains a danger, in part because (in Wisconsin's view) he obstinately refuses to confront and address other episodes of sexual misconduct, including a rape that the state believes Savinski perpetrated in 1978. Savinski's therapist has concluded that he is "in denial" about his past and his proclivities. According to Savinski, however, the reason he cannot take responsibility for these acts is that he did not commit them.

The most natural way to break this impasse would be for Savinski to file a petition for a writ of habeas corpus, see 28 U.S.C. § 2254, and demand that the state demonstrate an adequate basis for his civil

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

commitment. He has been unwilling to do so, however. Instead, Savinski commenced this proceeding under 42 U.S.C. § 1983, asking the district court for an injunction that would compel the state to remove from its files all references to the rape that he denies committing. The district court denied this request–properly so, as § 1983 is not the right remedy.

Savinski's goal is release, which requires use of § 2254. See *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Although he contends that he does not want the court in this § 1983 action to order his release, the remedy he does seek is incompatible with the state's rationale for his continued confinement. That brings the § 1983 action within the scope of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Compare *Muhammad v. Close,* —— U.S. ——, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004), with *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). And if it should turn out that the remedy that Savinski seeks really would have no effect on his confinement–if the only thing at stake is the accuracy of statements in public records–then this claim is blocked by the principle of *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that the Constitution does not prevent the state from making defamatory allegations. In order to avoid *Paul,* Savinski must demonstrate a loss of liberty. See *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977). The only liberty potentially at issue is his custody (the statements do not affect his employment opportunities, because he has none while in custody); and a challenge to custody must be brought under § 2254.

AFFIRMED